UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA :
                        :
            v.          : Criminal No. 10-109 (RMB)
                        :
IKE ANAELE              :    **OPINION**

This matter comes before the Court on Defendant Ike Anaele's Motion to Terminate Supervised Release early [Dkt. No. 85.[1]  For the reasons that follow, the motion is denied without prejudice.

On February 22, 2010, Defendant Ike Anaele pled guilty to a one-count Information charging him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  On September 24, 2010, Defendant was sentenced to imprisonment for a term of 9 months and supervised release for a term of 5 years [Dkt. No. 20].  The Defendant subsequently violated the terms of his supervised release, and, on October 3, 2014, he was sentenced to a term of imprisonment of 30 months and a term of supervised release of 30 months [Dkt. No. 62].

On September 29, 2017, Defendant pled guilty to a second

---

[1] Although Defendant asks for early termination of Probation, he is on Supervised Release.

violation of supervised release and was sentenced to a six months in prison and an additional term of 24 months of supervised release [Dkt. No. 81].

Defendant comes before the Court advising that he has complied with all the conditions of supervised release since his last violation, and wishes "to travel with his daughter and seek other business ventures."

This Court has discretion to terminate a term of supervised release, pursuant to Title 18, United States Code, Section 3583(e)(1). That section provides, in pertinent part:

> The Court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7). . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Early termination of supervised release is a decision entrusted to the sound discretion of the District Court. Courts in various jurisdictions, including in the Third Circuit, have repeatedly held that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." United States v. Caruso, 241 F. Supp. 2d 466, 469 (D.N.J. 2003); see also United States v. Paterno, 2002 WL 1065682, at *3 (D.N.J. April 30, 2002)(unpublished)(Bassler,

U.S.D.J.) ("Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is simply what is expected of Defendant").

In this Court's view, Defendant has not demonstrated any exceptional circumstances that would warrant early termination of the period of supervised release imposed by the sentencing Court. That Defendant has been compliant on supervised release is what is expected of him.

Considering the § 3553 factors and the interest of justice, this Court finds that the Defendant, who is no stranger to this Court, shall remain on supervised release. Continuing Defendant on supervised release "promotes respect for the law" and has "a very valuable deterrent" effect on defendants, thereby protecting the public. United States v. Westberry, 2017 WL 3411865, at *2 (3d Cir. Aug. 9, 2017) (non-precedential). These § 3553 factors are even more important in this case given Defendant's violation history.

Accordingly, the Court denies Defendant's motion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: December 4, 2019